IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALBERT CLEVELAND, )<br>)<br>  Plaintiff, )<br>)<br>    v. )<br>)<br>CITY OF CHICAGO POLICE )<br>OFFICERS K. GOMEZ, STAR NO. )<br>9909, A. TKACHUK, STAR NO. 17034, )<br>UNKNOWN AND UNNAMED CITY )<br>OF CHICAGO POLICE OFFICERS, and )<br>THE CITY OF CHICAGO, )<br>)<br>  Defendants. )<br>)<br>) | Case No.: 21-cv-4791<br><br>COMPLAINT FOR VIOLATION OF<br>CIVIL RIGHTS AND SUPPLEMENTAL<br>STATE CLAIMS<br><br>**JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Albert Cleveland, ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant City of Chicago Police Officer K. Gomez, star number 9909, City of Chicago Officers A. Tkachuk, Star Number 17034; collectively "individual defendants" or "police defendants" and unknown and unnamed officers were employed

1

by the City of Chicago Police Department and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

## FACTUAL ALLEGATIONS

6. On or about September 23, 2019 Plaintiff was on a porch with some other acquaintances at or about 7816 S. Paulina, in Chicago at about 1:20 am.

7. On information and belief there was a "shots fired" call and members of the CPD arrived to where Plaintiff was located, including the named Defendants.

8. No weapon was fired from where Plaintiff was located.

9. When the Defendants arrived, they handcuffed the 3 males that were present, including the Plaintiff.

10. There was no legal cause to detain them.

11. After some period of time, two of the 3 males (not Plaintiff) were released.

12. The named Defendants then claimed that they found bullets located near where the Plaintiff had been, and then claimed that they had been in Plaintiff possession. They further claimed that Plaintiff did not have the legal right to possession of bullets and Plaintiff was then arrested and transported to the Police Station.

13. Plaintiff was then charged with various crimes, including a UUW.

14. Plaintiff was then taken to jail and then to prison where he remained in prison for roughly 3.5 months.

15. The arrest report that relates to this arrest indicates that there was body worn camera present.

16. On or about July 19, 2021, the case was dismissed via a *Nolle Prosequi* and the case terminated in Plaintiff's favor and indicative of Plaintiff's innocence.

17. Plaintiff is informed and believes that any video of the event has been concealed and/or destroyed.

18. There was no probable or legal cause for Plaintiff's initial detention, and his arrest. Plaintiff was not in possession of any bullets.

19. There was no probable cause for the prosecution of the Plaintiff.

20. Plaintiff was harmed and lost his job as a result of this false and malicious arrest.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, including but not limited to loss wages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

22. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### PLAINTIFF AGAINST DEFENDANTS GOMEZ, TKACHUK AND OTHER UNKONWN PERSONS, FOR VIOLATION OF PLAINTIFF'S FOURTH AND/OR FOURTEENTH AMENDMENT RIGHTS THROUGH A WRONGFULL SEIZURE AND UNLAWFUL DETENTION

24. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

25. By reason of the conduct of Defendants and each of them, Plaintiff was deprived of rights, privileges and immunities, secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

26. Plaintiff's detention, arrest, incarceration, and prosecution were in violation of his Fourth Amendment Rights in that there was no probable or legal cause for his detention, arrest and prosecution.

27. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth and Fourteenth due process rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF CHICAGO FOR MALICIOUS PROSECUTION

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

29. The individual defendants caused and also continued a criminal prosecution of the Plaintiff.

30. The underlying criminal charges terminated in Plaintiff's favor in that the charges were dismissed on or about on July 19, 2021.

31. The individual defendants acted with malice in doing the acts described above.

32. Plaintiff was damaged as a result of being maliciously prosecuted as he suffered a loss of liberty, other special damages, and suffered emotional distress in a sum to be ascertained.

33. The City of Chicago is liable to Plaintiff under the concept of *respondeat superior*.

34. As a result of the foregoing, all defendants are liable to the Plaintiff for malicious prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That all Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That these same Defendants be required to pay Plaintiff's special damages;

3. That these same Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual Defendants and each of them and other unnamed and unknown Defendants other than the City of Chicago and Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com
